IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| FRABON CROCKER, #1304330 | § | |
| VS. | § | CIVIL ACTION NO. 9:08cv233 |
| D. SWEETIN, ET AL. | § | |

MEMORANDUM OPINION AND
ORDER OF DISMISSAL

Plaintiff Frabon Crocker, a prisoner confined at the Eastham Unit of the Texas prison system, proceeding *pro se* and *in forma pauperis*, filed the above-styled and numbered civil rights lawsuit. The complaint was transferred to the undersigned with the consent of the parties pursuant to 28 U.S.C. § 636(c).

Facts of the Case

The original complaint was filed on December 12, 2008. The Plaintiff complained about his conviction, being forced to work in the fields, cell restrictions keeping him from religious services, and mail tampering. On February 19, 2009, the Court conducted an evidentiary hearing, in accordance with *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), to consider the Plaintiff's claims. The Plaintiff was given the opportunity to fully explain the factual basis of his claims. Regional Grievance Coordinator Chip Satterwhite, Warden Eddie Baker and Physicians Assistant Cheryl Egan were present during the hearing in the event the Court wanted testimony about information contained in the Plaintiff's prison records or testimony about prison policies.

The Plaintiff testified that he had a job working in the kitchen, but then he was reassigned to work in the fields. He acknowledged that his work classification, also known as "HSM-18," did not include any work restrictions, but he argued that he should not have been reassigned to work in the fields since he was over 52 years old. He added that he was reassigned even though he did not do anything wrong in the kitchen nor receive any disciplinary cases. He asserted that there was no reason to give him the new job assignment. He expressed the belief that he received the new job assignment in order to give him disciplinary cases. He, in fact, received disciplinary cases and his punishment included cell restrictions. He was unable to attend religious services while he was on cell restrictions. He acknowledged, however, that the policy of prohibiting inmates with cell restrictions from going to religious services was discontinued as of October 1, 2008.

The Plaintiff also complained that he did not receive responses to letters. He wrote to the court of appeals and his attorney about his conviction, but he did not receive a response for one and one-half years. He then had somebody else write to his attorney for him, and he received a response. The Plaintiff noted that he is in prison for a Harris County conviction for the offense of aggravated robbery. He noted that his conviction was reversed in 2007, but he is still waiting to be released or retried. The Court notes that published appeal records confirm that his conviction was reversed on August 30, 2007, and that the Texas Court of Criminal Appeals refused the State's petition for discretionary review on January 23, 2008. *Crocker v. State*, 248 S.W.3d 299 (Tex. App. - Houston [1 Dist.] 2007, pet. ref'd).

The Plaintiff complained that he did not receive a response when he wrote to Under One Roof Bookstore in Killeen. It is noted that the store's website is www.underoneroofbookstore.com. He ordered a copy of the Koran and never received it. He also wrote to an attorney regarding social

2

security disability benefits and never received a response. He believes that people in the mail room did not mail his letters, although he was unable to identify anyone responsible. In 2006, he bought a book entitled The Missing Dimension in Sex, by Herbert W. Armstrong, but the book was returned on November 23, 2006, because of explicit pictures. However, he subsequently received the book in December, 2008. He noted that he was confined at the Eastham Unit at all applicable times, and he does not know why the book was rejected in 2006 but permitted in 2008. He acknowledged that the Court has received his letters and has processed this lawsuit.

Regional Grievance Coordinator Chip Satterwhite testified under oath that books received from an unapproved source will be returned. The Director's Review Committee has a list of approved publishers. He added that a copy of the Koran from an unapproved publisher would be returned.

The Plaintiff also testified that he believes that his food was poisoned. He has experienced pain in his chest. He noted that he did not complain or submit a sick call request about the problem. Nonetheless, he experienced problems since leaving the Hughes Unit in 1990.

The Plaintiff testified that he sued Warden Sweetin because he is the head warden and is in charge of the Eastham Unit. He likewise sued Assistant Warden Reescano because he is a warden and in charge of the unit. Warden Reescano also signed several responses denying his Step 1 grievances. The Plaintiff testified that he never personally talked to either person.

Warden Eddie Baker testified under oath that job assignments are made wherever there is a need for workers. An inmate may be assigned to any job as long as there are no medical restrictions prohibiting the assignment. He confirmed that the policy of not permitting inmates with cell restrictions to attend religious services was discontinued as of October 1, 2008. With respect to

mail, Warden Baker testified that the Plaintiff should have received a notice from the mail room any time a letter was not mailed out or incoming mail was rejected.

Physicians Assistant Egan testified under oath that the University of Texas Medical Branch, which provides medial care to prison inmates, recommends that some work limitations be added to HSM-18s when an inmate reaches 50 years old, but the decision concerning the medical restrictions to give to a particular inmate is up to the unit medical provider. It is again noted that the Plaintiff's HSM-18 does not include any medical restrictions.

## Discussion and Analysis

In analyzing the Plaintiff's claim, the Court initially notes that federal courts are courts with limited jurisdiction having subject matter jurisdiction only over those matters specifically designated by the Constitution or Congress. *Johnson v. United States*, 460 F.3d 616, 621 n.6 (5th Cir. 2006). The Supreme Court has held that many acts that might constitute a violation of state tort law do not amount to federal violations. *Baker v. McCollan*, 443 U.S. 137, 146 (1979). *See also Lewis v. Woods*, 848 F.2d 649, 651 (5th Cir. 1988). In this Circuit, before a plaintiff may maintain a civil rights lawsuit, he must show an abuse of governmental power that rises to a constitutional level. *Love v. King*, 784 F.2d 708, 712 (5th Cir. 1986); *Williams v. Kelley*, 624 F.2d 695, 697 (5th Cir. 1980), *cert. denied*, 451 U.S. 1019 (1981). Moreover, in order to state a civil rights claim cognizable under 42 U.S.C. § 1983, a plaintiff must allege facts to support his broad allegations. *See Vinson v. Heckmann*, 940 F.2d 114, 115 (5th Cir. 1991); *Wesson v. Oglesby*, 910 F.2d 278, 280 (5th Cir. 1990). Conclusory allegations are insufficient. *R.A.M. Al-Raid v. Ingle*, 69 F.3d 28, 32 (5th Cir. 1995).

The Petitioner initially discussed his work assignment. He did not believe that he should have been switched from working in the kitchen to the fields. Prison inmates can be required to work. *Moody v. Baker*, 857 F.2d 256, 257 (5th Cir. 1988), *cert. denied*, 488 U.S. 985 (1988). "The refusal to work, by a group or even a single inmate, presents a serious threat to the orderly functioning of a prison. Any unjustified refusal to follow the established work regime is an invitation to sanctions." *Mikeska v. Collins*, 900 F.2d 833, 837 (5th Cir. 1990), *modified*, 928 F.2d 126 (5th Cir. 1991). Inmates do not have a constitutional right to a particular job assignment or a right to due process before a reassignment or loss of a job. *Jackson v. Cain*, 864 F.2d 1235, 1247 (5th Cir. 1989). The only constitutional limitation on work assignments involves physical or medical limitations. Deliberate indifference to a prisoner's serious medical needs constitutes an Eighth Amendment violation and states a cause of action under 42 U.S.C. § 1983. *Estelle v. Gamble*, 429 U.S. 97, 105-07 (1976). "[A] prison official cannot be found liable under the Eighth Amendment . . . unless the official knows of and disregards an excessive risk to inmate health or safety; . . . the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). If prison officials knowingly assign an inmate to a job they know may significantly aggravate a serious physical ailment, then such a decision would constitute deliberate indifference to serious medical needs. *Jackson v. Cain*, 864 F.2d at 1246. The Plaintiff acknowledged that he did not have any work restrictions. Security officials did not assign him to a job that violated his medical restrictions, thus the Plaintiff does not have a basis for a civil rights lawsuit against security personnel, such as the wardens, for assigning him to a job that violated his work restrictions. The Plaintiff has not shown that anyone was deliberately indifferent to his health

5

or safety by assigning him to work in the fields. To the extent that he may disagree with the medical restrictions, his disagreement does not provide a basis for a civil rights lawsuit. *Houston v. Zellar*, 91 Fed. Appx. 956, 957 (5th Cir. 2004).

The claims against Wardens Sweetin and Reescano should be dismissed for a more basic reason. In order to successfully plead a cause of action in a civil rights case, a plaintiff must ordinarily articulate a set of facts that illustrates the defendant's participation in the alleged wrong. *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986). Neither warden participated in the alleged acts of misconduct. They were sued because of their supervisory roles, but the doctrine of *respondeat superior* does not apply in § 1983 actions. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978). Under 42 U.S.C. § 1983, supervisory officials are not liable for subordinates' actions on any vicarious liability theory. A supervisor may be held liable if either of the following exists: (1) his personal involvement in the constitutional deprivation, or (2) sufficient causal connection between the supervisor's wrongful conduct and the constitutional violations. *Thompkins v. Belt*, 828 F.2d 298, 303-304 (5th Cir. 1987). Neither condition is satisfied.

The Fifth Circuit discussed claims against a warden regarding a job assignment as follows:

> Bray contends that the magistrate judge erred in dismissing his claim against Warden Wheeler. He argues that Warden Wheeler assigned him to the community work squad, where he was forced to perform labor that violated his medical restrictions. Bray also contends that Warden Wheeler was aware of the difficulties he was having with his work assignments because Bray filed a grievance about the matter. Because Bray's allegations, which are accepted as true, fail to show that Warden Wheeler was personally involved in the alleged constitutional violation, we conclude that the magistrate judge did not err in dismissing Bray's claim. See *Twombly*, 127 S.Ct. at 1965; *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983).

*Bray v. Young*, 261 Fed. Appx. 765, 767 (5th Cir. 2008). The situation in the present case is identical. The Plaintiff has not shown that either warden was personally involved in his job

assignment to the fields. Moreover, Warden Reescano may not be liable just because he denied the Plaintiff's grievances. The Plaintiff's job assignment claim against Wardens Sweetin and Reescano fails to state a claim upon which relief may be granted and is frivolous in that it lacks any basis in law and fact. The claim should be dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

The Plaintiff also complained about the former policy of prohibiting inmates with cell restrictions from attending worship services. He complained that he was unable to attend Jumah services while on cell restrictions. The policy was discontinued on October 1, 2008. The Fifth Circuit recently held that claims for injunctive relief about the old policy became moot with the change in policy. *Sossamon v. Lone Star State of Texas*, ___ F.3d ___, 2009 WL 382260 at *3 (5th Cir. Feb. 17, 2009). Furthermore, prison officials are entitled to qualified immunity on this issue. *Canady v. Thaler*, 61 Fed. Appx. 917 (5th Cir. 2003). Finally, the claims against Wardens Sweetin and Reescano, the only defendants in this case, should be dismissed because the Plaintiff has not shown that they were responsible for the old policy. The religion claim against Wardens Sweetin and Reescano fails to state a claim upon which relief may be granted and is frivolous in that it lacks any basis in law and fact. The claim should be dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

The Plaintiff next complained that he did not receive responses to letters. Mail tampering may constitute a cognizable claim under 42 U.S.C. § 1983. *See, e.g., Thornburgh v. Abbott*, 490 U.S. 401 (1989); *Procunier v. Martinez*, 416 U.S. 396 (1974). However, a prisoner's right to send and receive mail is not absolute. Prison authorities may open a prisoner's mail for inspection. *Guajardo v. Estelle*, 580 F.2d 748, 759 (5th Cir. 1978). TDCJ's Director's Review Committee may exclude publications that contain racial epithets and materials that could promote racial hatred and violence. *Ayers v. Peterson*, 130 Fed. Appx. 666 (5th Cir. 2005). The prison system may exclude

books and magazines containing sexually explicit materials. *Thompson v. Patteson*, 985 F.2d 202 (5th Cir. 1993). Officials may censor revolutionary materials that are deemed threats to security. *Hernandez v. Estelle*, 788 F.2d 1154 (5th Cir. 1986). The Fifth Circuit has upheld the publisher's only rule. *Sorens v. Lynaugh*, 37 F.3d 632 (5th Cir. 1994). In order to state a claim for mail tampering, the Plaintiff must show that his position as a litigant was prejudiced. *Walker v. Navarro County Jail*, 4 F.3d 410, 413 (5th Cir. 1993); *Jackson v. Cain*, 864 F.2d at 1244. A claim should be dismissed as frivolous if a plaintiff can show nothing more than it is his personal belief that he was a victim of mail tampering. *Whiting v. Kelly*, 255 Fed. Appx. 896, 898 (5th Cir. 2007).

In the present case, the Plaintiff believes that his mail must have been tampered with because he did not receive responses. His suspicion is not enough to state a claim. Moreover, the prison system was entitled to return books that were not from an approved publisher or were sexually explicit. Finally, the mail claim against Wardens Sweetin and Reescano must be dismissed because the Plaintiff has not shown that either of them were personally involved in these matters. The mail claim against Wardens Sweetin and Reescano fails to state a claim upon which relief may be granted and is frivolous in that it lacks any basis in law and fact. The claim should be dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

The Plaintiff's poisonous food claim should be dismissed because it is speculative and conclusory. He presented no evidence of poisoning - just suspicions. Moreover, the Plaintiff has not shown that either warden was personally involved in this matter. The poisonous food claim against Wardens Sweetin and Reescano fails to state a claim upon which relief may be granted and is frivolous in that it lacks any basis in law and fact. The claim should be dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

Finally, the Plaintiff made broad claims about his conviction, which has been reversed. He did not show that either Warden Sweetin or Warden Reescano had any involvement in his Harris County conviction. Whatever complaint he may have about the conviction concerns people in Harris County. Any federal civil rights lawsuit that the Plaintiff may want to bring against people in Harris County must be filed in the federal court in Houston, as opposed to this Court. The Plaintiff may want to contact the State Counsel for Offenders or the Harris County District Attorney's Office to find out about the status of his retrial. Nonetheless, the claims against Wardens Sweetin and Reescano fail to state a claim upon which relief may be granted and are frivolous in that they lack any basis in law and fact. They should be dismissed pursuant to 28 U.S.C. § 1915A(b)(1). It is accordingly

**ORDERED** that the complaint is **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915A(b)(1). It is further

**ORDERED** that all motions not previously ruled on are **DENIED**.

So **ORDERED** and **SIGNED** this **31** day of **March, 2009.**

_____
JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE